City of New York v OTR Media Group, Inc. (2019 NY Slip Op 06572)





City of New York v OTR Media Group, Inc.


2019 NY Slip Op 06572


Decided on September 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 17, 2019

Tom, J.P., Kapnick, Kahn, Singh, JJ.


9574 451559/14

[*1]City of New York, et al., Judgment Creditors-Respondents,
v
OTR Media Group, Inc., Judgment Debtor-Appellant, Ari Noe, Person Subpoenaed-Appellant.


Seddio & Associates, P.C., Brooklyn (Frank R. Seddio of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered December 14, 2017, which denied judgment debtor OTR Media Group, Inc. and person subpoenaed Ari Noe's (together, the OTR parties) motion to vacate or renew an order (same court and Justice), entered on or about April 20, 2016, which found them guilty of civil contempt, adjudged Noe liable for a fine of $250 and attorneys' fees at the rate of $250 per hour in connection with the contempt proceedings, and issued a warrant for Noe's arrest, unanimously reversed, on the facts, without costs, and the civil contempt order, and the arrest warrant for Noe vacated.
CPLR 5015(a) provides that a party may move to vacate a judgment or order on the grounds of, inter alia, newly discovered evidence or fraud, misrepresentation, or other misconduct of an adverse party. However, CPLR 5015 does not "provide an exhaustive list of the grounds for vacatur" (Goldman v Cotter, 10 AD3d 289, 293 [1st Dept 2004]). In addition to the grounds specifically set forth in CPLR 5015(a), "a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]).
Here, the motion court improvidently exercised its discretion by refusing to vacate its prior order. The interests of justice warrant vacatur because, and as admitted by the City, at the time the contempt order was issued in April 2016, the OTR parties had, in fact, satisfied the subject Schedule A Judgments. If not for the City's misapplication of certain payments made by OTR pursuant to the parties' agreed-upon installment payment
plan, the judgments would have been properly marked as paid and satisfied in full, and the City would not have been entitled to an order of contempt.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 17, 2019
CLERK